

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| ANGELA MARTIN, *et al.*, | ) | No. ED112165 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | Cause No. 23SL-CC02311 |
| | ) | |
| HW AUTOMOTIVE, LLC d/b/a HW KIA | ) | |
| OF WEST COUNTY; KIA | ) | |
| AMERICA, INC.; and HYUNDAI | ) | |
| MOTOR AMERICA, | ) | Honorable Richard M. Stewart |
| | ) | |
| Appellants. | ) | Filed: August 6, 2024 |

HW Automotive, LLC d/b/a HW Kia of West County, Kia America, Inc. a/k/a Kia Motors America, Inc., and Hyundai Motor America Corp. (collectively, "Dealers") appeal the circuit court's order overruling, in part, its motion to compel arbitration of multiple consumer disputes. Dealers alleged there were valid, binding arbitration agreements requiring arbitration rather than resolution by the circuit court.

Because the consumers' arbitration agreements are enforceable and each agreement delegated the determination of arbitrability to an arbitrator, the circuit court's order overruling Dealers' motion to compel arbitration is vacated. This case is remanded to the circuit court with instructions to issue an order compelling arbitration.

## Background

Angela Martin, Danielle Davenport, Keshonti Rimmer, Terriona Slayton, Lisa Johnson, Patrice Brown, Sabrina Shed, and TaNarrah Mosby (collectively, "Consumers") each purchased a Hyundai or Kia vehicle from an authorized Kia dealership in St. Louis County. Subsequent to their purchases, Consumers' vehicles were either stolen or damaged during an attempted theft.

Consumers filed suit in June 2023, claiming Dealers violated the Missouri Merchandising Practices Act, section 407.010 et seq., RSMo 2016,[1] because Dealers failed to install the appropriate anti-theft protection devices in their vehicles. Dealers timely moved to compel arbitration because all Consumers signed arbitration agreements requiring arbitration of all disputes. On September 15, 2023, Consumers conceded their claims were subject to the arbitration agreements they signed. Consumers agreed to stay the proceedings in circuit court and initiate arbitration.

Thereafter, Consumers initiated individual arbitration proceedings with the American Arbitration Association ("AAA"). On September 25 2023, Consumers received a letter from AAA stating that AAA was declining to administer the claims at that time. According to the letter, Rule R-1(d) of AAA's Consumer Arbitration Rules required Dealers to register their arbitration clause with AAA before the effective date of the clause, which Dealers had failed to do. The letter also stated, "According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." The letter further stated, "The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute."

---

[1] All statutory references are to RSMo 2016.

The next day, Consumers filed a supplemental response in the circuit court to Dealers' motion to compel arbitration. Consumers informed the circuit court that they had attempted to file an arbitration proceeding, but that AAA declined to administer their claims.

Dealers responded, re-affirming that arbitration remained the appropriate means to resolve their disputes. Dealers noted Consumers did not challenge any part of the arbitration agreements, including the delegation provisions. Dealers stated all threshold issues, including the appropriateness of arbitration, were delegated to a neutral arbitrator. Dealers submitted documentation from AAA acknowledging Dealers' payment of the registry fee and submission of its arbitration clause. Dealers also identified Rule R-12 of the AAA Consumer Rules, which allows for expedited review of an arbitration clause that had not been previously submitted.

In October 2023, the circuit court held a hearing on the motion to compel. The circuit court entered an order overruling, in part, and sustaining, in part Dealers' motion. The circuit court compelled arbitration for Shed and Mosby, while allowing all other Consumers to continue their proceedings in the circuit court. Dealers bring this interlocutory appeal pursuant to § 435.440.1(1).

**Standard of Review**

Section 435.355 governs the procedure for resolving a motion to compel arbitration. If the party seeking to compel arbitration demonstrates there is a valid arbitration agreement and the party opposing the motion refuses to arbitrate, "the court shall order the parties to proceed with arbitration …." Section 435.355.1. However, if the party opposing the motion denies the existence of an arbitration agreement, then "the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party …." *Id*. In "an appeal from a circuit court's order overruling a motion to compel arbitration when

3

there is a dispute as to whether the arbitration agreement exists, the circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 436 (Mo. banc 2020).

However, when there is no dispute about the existence of an arbitration agreement, this Court conducts *de novo* review of whether a motion to compel arbitration should be sustained. *Bridgecrest Acceptance Corp. v. Donaldson*, 648 S.W.3d 745, 751 (Mo. banc 2022). When a reviewing court engages in *de novo* review, it "exercises independent judgment to correct erroneous interpretations." *Missouri Pub. Serv. Comm'n v. Union Elec. Co.*, 552 S.W.3d 532, 539 (Mo. banc 2018) (internal quotation omitted). The circuit court's decision is not granted any deference in *de novo* review. *Chastain v. United Fire & Cas. Co.*, 653 S.W.3d 616, 620 (Mo. App. 2022). Because consumers concede their claims are subject to valid, enforceable arbitration agreements, this Court's review is *de novo*.

### Analysis

"[A]rbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 177 L.Ed.2d 403 (2010). "The usual rules and canons of contract interpretation govern the subsistence and validity of an arbitration clause." *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013); *Bridgecrest*, 648 S.W.3d at 752 (applying contract principles to an arbitration dispute).

Consumers do not dispute that their claims are subject to a binding arbitration agreement. Instead, Consumers assert they fully complied with their obligation to arbitrate when they submitted their claims to arbitration and the AAA declined to accept their claim. In support of

their argument, Consumers rely on the statement in the AAA letter that, because Dealers failed to properly register the relevant arbitration clauses, AAA would not arbitrate the claims "at this time." Consumers also note that the AAA letter cites to AAA Rule R-1(d), which permits a party to file a claim in the appropriate court if AAA declines a requested arbitration.

A complete reading of the AAA letter undercuts Consumers' argument. Although the letters stated that AAA would not arbitrate the claims "at this time," the AAA letter also stated AAA's "review [was] administrative" and "is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute." And although the AAA letter suggests that Consumers may submit their claim to the circuit court, the AAA letter also states that, once Dealers comply with the AAA's registration and payment requirements, Dealers may notify Consumers that they may re-file their claim with the AAA.

Moreover, AAA's Consumer Rules do not support Consumers' assertion that they fulfilled their arbitration obligation. The AAA letter cites to Rule R-1(d) which states that the AAA will arbitrate consumer disputes "that meet the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules*." Accordingly, the AAA will decline to administer an arbitration when the arbitration clause at issue fails to meet these standards. If the AAA declines an arbitration, then according to Rule R-1(d), "either party may submit its dispute to the appropriate court for resolution."

The AAA Rules expressly consider and resolve the situation when a consumer attempts to initiate arbitration of an unregistered clause. Rule R-12 states, "[i]f a business does not submit its arbitration agreement for review and a consumer arbitration then is filed with the AAA, the

AAA will conduct an expedited review at that time." The AAA Rules do not contemplate that any unregistered arbitration clause presumptively is not arbitrable.

The record in this case demonstrates that Consumers attempted to arbitrate claims that they each agreed were subject to a binding arbitration clause. Due to Dealers' failure to pre-register their arbitration clauses, the AAA declined to arbitrate their cases at that time. At that point, Consumers took the position that they fully complied with their agreement to arbitrate and could now seek relief in the circuit court. In the meantime, Dealers filed their arbitration clauses with the AAA for review. Before the AAA completed its review of those arbitration clauses, the circuit court heard and denied Dealers' motion to compel arbitration.

Under this set of circumstances, the circuit court erred in failing to order the parties to continue with the arbitration process. At the time the circuit court ruled on the motion, the AAA had not yet fully declined to administer arbitration nor had it determined that the claims were not arbitrable. Rather, the AAA's letter stated that the AAA had made no determination as to the arbitrability of the claims and allowed the claims to be refiled once the arbitration clause had been reviewed and approved. More importantly, Rule R-12[2] specifically provides for an expedited review of an arbitration clause in a situation such as this. To hold that the AAA declined the arbitration of this case would be contrary to the facts, law, and the AAA rules that govern this situation.[3]

---

[2] Rule R-12 helps explain the differences between the disposition in this case and the disposition in *Abram v. TitleMax of Missouri, Inc.*, 684 S.W.3d 74 (Mo. App. 2023), and its companion cases. Those cases involved a similar fact pattern with slight differences. Notably, this Court in *Abram* noted significant issues with the record and with preservation of issues. Those issues do not exist here. *Abram* also lacked any indication that the business had sought a review of their arbitration clause, as exists in this case. But, most important, R-12 was not addressed in *Abram*, perhaps as a result of the parties' failure to raise it or to properly preserve the issue.
[3] We note Consumers' concern regarding the seeming snail's pace at which Dealers moved in filing their arbitration provision. The pacing does not change the fact that the AAA has not

The AAA letter declining arbitration until Dealers' arbitration clauses had been reviewed was the only basis on which Consumers sought to avoid arbitration. This basis is without merit. If the AAA declines the arbitration after having reviewed the arbitration clauses, the circuit court should evaluate the next steps in accordance with the language of the contracts.

**Conclusion**

The circuit court's order overruling Dealers' motion to compel arbitration is vacated. The case is remanded to the circuit court with instructions to enter an order compelling arbitration.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.

---

declined to arbitrate Consumers' claims. A significant delay might blossom into a waiver argument, but no such argument was raised here.